JAMES ERWIN *v.* ALFRED J. LOWRY, Curator of the vacant succession of ALEXANDER McNEIL.

The 6th article of the act of the Legislature of Pennsylvania, of the 18th of February, 1836, incorporating the Bank of the United States, fixing the rate of discount at which loans may be made by the Bank, does not apply to contracts made by it in other States of the Union. The validity of such contracts must be tested by the laws of the place where they may have been entered into.

The holder of a note secured by mortgage, signed by one since deceased, cannot obtain an order of seizure and sale. He is only entitled to a judgment to be paid *in concurso*, according to his rank relatively to the other creditors, and in the due course of administration.

APPEAL from the Court of Probates of Madison, *Downes, J.*

BULLARD, J. This case turns mainly upon the question, whether the notes sued on, which it is alleged were given originally to the Bank of the United States of Pennsylvania contracting in Lousiana, be tainted with usury. They bear interest upon date, at the rate of eight per cent per annum.

The charter of that Bank declares that, " the rate of discount at which loans may be made by said Bank within this Commonwealth, shall not exceed one-half of one per centum for thirty days.".

We had occasion, in the Eastern District, during the late term, to consider this question, and we then held, that the clause in the charter, does not apply to contracts which the Bank may make in other States of the Union, where they are authorized to contract either by law, or by the comity of nations, and that the validity of such contracts must be tested by the law of the place where they are entered into. We are not satisfied, that we were then in error. See *Frazier and another, Receivers, &c.,* v. *Willcox,* 4 Robinson, 517.

But it does not follow that the plaintiff is entitled to a judgment in the ordinary form. The action is against a succession. The plaintiff is not, therefore, entitled to an order of seizure and sale, but must be paid *in concurso*, according to his rank in relation to the other creditors, and in the due course of administration.

It is, therefore, adjudged and decreed, that the judgment of the

Court of Probates be reversed, and that the notes sued on, and described in the petition, be set down and admitted as a valid and legal mortgage claim, against the estate administered by the defendant, and that the same be paid in due course of administration ; and that the costs of the appeal be paid by the estate.

*Snyder, Dunbar, Hyams,* and *Elgee,* for the appellant.

*Bemiss,* for the defendant.